# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16-cv-354-FDW

| | |
|---|---|
| LAYMOND L. ANDREWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| ) | **ORDER** |
| ) | |
| FNU WALKER, ) | |
| FNU LNU, Unit Manager C-Check, ) | |
| ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, filed under 42 U.S.C. § 1983, (Doc. No. 1). Plaintiff originally filed this action in the Middle District of North Carolina and the action was transferred to this Court after that court granted Plaintiff's application to proceed in forma pauperis. (Doc. Nos. 3, 5).

## I. BACKGROUND

Pro se Plaintiff Laymond L. Andrews, a North Carolina prisoner currently incarcerated at Alexander Correctional Institution in Taylorsville, North Carolina, filed this action on September 29, 2016, pursuant to 42 U.S.C. § 1983. Plaintiff has named as Defendants FNU Walker and another unnamed Defendant, identified as a "Unit Manager, C-Check" at Alexander. Plaintiff alleges the following facts in the Complaint:

> I was laying on my mat in my cell when Sgt. Walker open my cell door and asked me come with him. He used force to put handcuffs on me for no reason and walk me down the hall to lower red unit. I am a mental health inmate that was being discriminated against. When I got to Red Unit I was placed in a cell block cage. I could not understand his method of acting on another occasions. Unit Manager e-check uses force to take me back to Lower Red for no reason but [unintelligible]

1

> I should think. He is a very unfair man to people of color as in Sgt. Walker. I am
> suing them both for racism. And pain and suffering to a mental health inmate!

(Doc. No. 1 at 4). Plaintiff does not indicate what legal claims he purports to bring against Defendants. As relief, Plaintiff states that he seeks $20,000 in compensatory damages. (Id. at 4).

## II. STANDARD OF REVIEW

Because Plaintiff seeks to proceed in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, § 1915A requires an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and the court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

## III. DISCUSSION

The Court will dismiss this action for failure to state a cognizable claim against either Defendant. Here, at most, Plaintiff alleges that on some unspecified date Defendants made Plaintiff submit to handcuffs and they transferred him to another cell—conduct that Plaintiff appears to claim was motivated by racism. To prevail in a Section 1983 action, a plaintiff must show that the defendant violated a federal right. See Inmates v. Owens, 561 F.2d 560, 562-63 (4th Cir. 1977) (finding that to state a civil rights claim, one must allege that he, himself, sustained the deprivation of a right, privilege, or immunity secured by the Constitution or federal

law). Here, Plaintiff's vague allegations fail to state a cognizable claim of a violation of a federal right against Defendants and this action will therefore be dismissed. See Gannon v. McDaniels, No. CIV.A. 7:08-CV-00570, 2008 WL 5262693, at *4 (W.D. Va. Dec. 17, 2008) ("Conclusory allegations of discriminatory intent are insufficient to state a claim.").

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's action is dismissed for failure to state a claim.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Complaint, (Doc. No. 1), is **DISMISSED** for failure to state a claim.

2. The Clerk is directed to terminate this action.

Frank D. Whitney
Chief United States District Judge